IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOJO WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:24-CV-2911-D |
| VS. § | |
| § | |
| FARMERS INSURANCE, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action brought by Jojo Williams ("Williams"), the court must raise *sua sponte* (on its own initiative) that it lacks subject matter jurisdiction.

A federal court must always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *See, e.g.*, *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 213 (5th Cir. 2023); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, exclusive of interest and costs, *see* 28 U.S.C. § 1332. In addition, the party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

Williams' complaint does not contain any factual allegations to support federal question or diversity jurisdiction. In the complaint, Williams has checked a box indicating that jurisdiction is based on diversity of citizenship. Compl. at 3. But she also alleges that both she and defendant Izabelle Beyoncé Barajas ("Barajas") are Texas citizens. Jurisdiction on the basis of diversity

requires "complete diversity" of citizenship. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). Because Williams and Barajas are both alleged to be Texas citizens, complete diversity of citizenship does not exist.

Nor has Williams pleaded a basis for federal question jurisdiction under 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-252 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)). In this case, although Williams alleges that "[d]efendant violated US Law and the various laws stated above illegally," Compl. at 4, she has only pleaded violations of *Texas*, not *federal*, law, *see id.* at ¶¶ 42-78.

Accordingly, within 14 days of the date of this memorandum opinion and order, Williams must file a first amended complaint that properly alleges subject matter jurisdiction based either on complete diversity of citizenship, or a federal question, or both. If she fails to do so, the court will dismiss this case without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**.

December 4, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE