IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOJO WILLIAMS,                     §
                                   §
                    Plaintiff,     §
                                   §        Civil Action No. 3:24-CV-2911-D
VS.                                §
                                   §
FARMERS INSURANCE, et al.,         §
                                   §
                    Defendants.    §

MEMORANDUM OPINION
AND ORDER

        In this lawsuit arising from an automobile accident, defendant Farmers Texas County

Mutual Insurance Company ("Farmers")[1] moves under Fed. R. Civ. P. 12(b)(1) to dismiss

for lack of subject matter jurisdiction based on the lack of complete diversity of citizenship.

For the reasons that follow, the court grants Farmers' motion and dismisses this case without

prejudice by judgment filed today.

I

        On September 30, 2024 *pro se* plaintiff Jojo Williams ("Williams") was involved in

an automobile collision with defendant Izabelle Beyonce Barajas ("Barajas"), and suffered

personal injuries and damage to his vehicle. At the time of the collision, Barajas was insured

under an automobile insurance policy issued by Farmers. Williams submitted a claim to

Farmers on October 6, 2024, which Farmers denied. This lawsuit followed.

---

        [1]The second amended complaint incorrectly refers to Farmers as "Farmers Insurance
Group."

In Williams' second amended complaint, which is the operative pleading, he alleges claims against Farmers for bad faith, breach of contract, and violation of the Texas Insurance Code and Prompt Payment Act, and claims against Barajas for negligence and failure to cooperate. Farmers moves to dismiss Williams' second amended complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Williams opposes the motion,[2] which the court is deciding on the briefs, without oral argument.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). If the party merely files its Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. *Id*. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. *Id*. This is akin to a Rule 12(b)(6) motion in that the "pleading's allegations are presumed to be true, and '[i]f those allegations sufficiently allege a claim for

_____

[2]In the certificate of service attached to Williams' response to Farmers' motion, he has highlighted the option that states, "does not oppose motion but doesn't agree with content of motion." P. Resp. (ECF No. 17) at 9. Because Williams elsewhere in his response requests that the court deny Farmers' motion to dismiss, *id.* at 8, the court interprets the highlighted part of the certificate to mean that, although Williams does not oppose the filing of the motion, he does oppose the motion on the merits.

recovery the complaint stands and the federal court must entertain the suit.'" *Id.* (quoting *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, 2012 WL 3599486, at *4 (S.D. Tex. Aug. 20, 2012)).

A party can also make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. *Id.* (citation omitted). "A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered." *Vinmar Overseas*, 2012 WL 3599486, at *4 (quoting *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A Apr. 1981)). The "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff in a factual challenge, as the party seeking to invoke jurisdiction, must "submit facts through some evidentiary method and . . . prov[e] by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523.

III

Farmers moves to dismiss Williams' second amended complaint, contending, *inter alia*, that the court lacks subject matter jurisdiction because there is not complete diversity

- 3 -

between the parties.[3]

## A

Federal courts have diversity jurisdiction under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). For diversity purposes, a corporation is a citizen of the state, or states, of its incorporation and the state where its principal place of business is located, and an individual is a citizen of the state where he is domiciled. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019).

## B

It is undisputed that Farmers is a citizen of Texas (its state of incorporation) and California (the state where it has its principal place of business). Farmers contends that, because Williams' domicile is in Texas, he is *also* a citizen of Texas, meaning that the parties are not completely diverse.

"For natural persons, § 1332 citizenship is determined by domicile, which requires

---

[3]Because the court concludes that it lacks subject matter jurisdiction based on an absence of complete diversity, it need not address the other grounds of Farmers' motion.

residency plus an intent to make the place of residency one's permanent home." *SXSW,
L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Gilbert v. David*, 235 U.S.
561, 568-69 (1915)); *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("A
person's domicile is the place of 'his true, fixed, and permanent home and principal
establishment, and to which he has the intention of returning whenever he is absent
therefrom.'" (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).  To determine a
party's domicile,

> the court must address a variety of factors.  No single factor is
> determinative.  The court should look to all evidence shedding
> light on the litigant's intention to establish domicile.  The factors
> may include the places where the litigant exercises civil and
> political rights, pays taxes, owns real and personal property, has
> driver's and other licenses, maintains bank accounts, belongs to
> clubs and churches, has places of business or employment, and
> maintains a home for his family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).  In addition, "[a]
litigant's statement of intent is relevant to the determination of domicile, but it is entitled to
little weight if it conflicts with the objective facts."  *Id.* (citations omitted).

Farmers contends that there is substantial evidence that Williams is a resident of
Texas.  The accident that is the subject of this lawsuit occurred while Williams was driving
in Dallas, Texas, and Williams was treated for his injuries in Irving, Texas.  Williams owns
property located in Mesquite, Texas, and all correspondence related to Williams' insurance
claim was mailed to his Texas address.  In addition, Williams is currently employed in the

Dallas-Fort Worth Metroplex.[4]

Regarding Williams' intent to remain in Texas, Farmers concedes that Williams has an Oklahoma driver license. But it contends that Williams' background reflects that he has family in Oklahoma and went to college in Oklahoma until 2012, but has not worked in Oklahoma since 2015. Farmers therefore maintains that the court should disregard Williams' "self-serving statement in his Amended Complaint about being a resident of Oklahoma," because it is contradicted by evidence that his domicile is in Texas. D. Br. (ECF No. 16-1) at 8.

In his response to Farmers' motion, Williams does not dispute that he currently resides in Texas. He asserts, however, that he "maintains permanent domicile and citizenship in Oklahoma" because he intends to return to that state. P. Br. (ECF No. 17) at 5. Regarding his Texas property, Williams contends that he only owns it "temporarily," but maintains an Oklahoma driver license, mailing address, and "[f]amily ties and obligation and other work in Oklahoma." *Id.*

C

Weighing the evidence, the court finds that, even if Williams was domiciled in Oklahoma at some point in the past, his current domicile (and his domicile at the time he

---

[4]Farmers attaches to its motion various screen shots from Williams' social media accounts in support of its contention that Williams "places himself and his job in the Dallas-Fort Worth Metroplex in his LinkedIn profile." D. Br. (ECF No. 16-1) at 7. The court cannot discern from the attached images where Williams is currently employed. But because Williams does not dispute that he is employed in Texas, the court will assume that he is.

filed this lawsuit) is in Texas.

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Coury*, 85 F.3d at 250. "A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there." *Mas*, 489 F.2d at 1399; *see also Sigoloff v. Austin*, 2023 WL 2142982, at *2 (N.D. Tex. Feb. 21, 2023) (Pittman, J.) ("An individual can only have one domicile at a time but can change his domicile by taking up residence in another state with the intent to remain there." (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011))). The intent to remain in a new domicile means that the person intends to make the place his present home. *Hardin v McAvoy*, 216 F.2d 399, 403 n.4 (5th Cir. 1954) ("To acquire a domicil of choice, the law requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it his present home. When these two facts concur, the change in domicil is instantaneous." (citation omitted)).[5]

Farmers has adduced evidence that Williams currently lives, works, maintains a mailing address, owns property, and presumably pays property taxes in Texas. Although Williams contends that he has a mailing address and "other work in Oklahoma," P. Br. (ECF No. 170 at 5, he adduces *no* evidence in support of these allegations. Nor does he dispute that he used his Texas mailing address in connection with his insurance claim and has not worked in Oklahoma since 2015. In fact, the evidence does not show that Williams was

---

[5]The term "domicil" used in *Hardin* is a less common variant of the word "domicile" and has the same meaning.

physically present in Oklahoma at any point after 2015.[6]

Williams suggests in his response brief that he intends to return to Oklahoma one day. But it is clearly established that "a mere indefinite or future intention to choose some other domicile at some indefinite time in the future . . . cannot divest a present domicile to confer another." *Hardin*, 216 F.2d at 403; *see also Hall v. Nestman*, 2015 WL 3948158, at *5 (W.D. Va. June 29, 2015) ("The fact that there may be some floating intention of moving elsewhere later, or even of returning to the old domicile, does not prevent a new domicile being acquired in the meantime." (citing *Granite Trading Corp. v. Harris*, 80 F.2d 174, 176 (4th Cir. 1935))); *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("A 'floating intention' to return to a former domicile does not prevent the acquisition of a new domicile.").

The court holds that Williams has not met his burden to prove that he is a citizen of Oklahoma. Williams is domiciled in Texas and is therefore a Texas citizen. Because Farmers is also a citizen of Texas, the parties to this case are not completely diverse, and

---

[6]Allegations that Williams has an Oklahoma driver license, an Oklahoma mailing address, and family in Oklahoma are insufficient to establish domicile because they do not indicate a physical presence in the state. *See, e.g.*, *Saxena v. Kunze*, 2024 WL 474341, at *10 (D. Colo. Jan. 3, 2024) ("[M]ailing addresses do not suffice to establish domicile because they do not indicate physical presence in the state." (citing cases)); *Sloan v. Roybal*, 2023 WL 4938095, at *3 (N.D. Tex. Apr. 28, 2023) (Ray, J.) (delay in changing permanent address and general activity in state where previously domiciled does not mean plaintiff has not changed her domicile); *Nyamtsu v. Melgar*, 2013 WL 6230454, at *3 (S.D. Tex. 2013) (holding that plaintiff's Texas bank account and driver license were "consistent with [the plaintiff's] failure to sever certain Texas ties" but did not establish an intent to remain in Texas indefinitely given contrary evidence that the plaintiff had changed his domicile).

Williams has not otherwise established subject matter jurisdiction.[7]  Accordingly, the court grants Farmers' motion under Rule 12(b)(1) and dismisses this lawsuit without prejudice for lack of subject matter jurisdiction by judgment filed today.

*    *    *

For the reasons explained, the court grants Farmers' motion and dismisses this action without prejudice by judgment filed today.[8]

**SO ORDERED**.

June 5, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[7]In the second amended complaint, Williams relies on diversity of citizenship to establish this court's jurisdiction.  2d Am. Compl. (ECF No. 11) ¶¶ 2-9, 14.

[8]On May 20, 2025 Williams filed a motion for default judgment against Barajas. Because the court lacks subject matter jurisdiction and is dismissing this case, it will not address Williams' motion.